Nicole Owens
Executive Director
Deborah A. Czuba, ID Bar No. 9648
Jonah J. Horwitz, ID Bar No. 10494
Christopher M. Sanchez, ID Bar No. 12070
Mary E. Spears, IN Bar No. 27353-49
Assistant Federal Defenders
Federal Defender Services of Idaho
Capital Habeas Unit
702 W. Idaho, Suite 900
Boise, Idaho 83702
Telephone:  (208) 331-5530
Facsimile:  (208) 331-5559
ECF:  Deborah_A_Czuba@fd.org
        Jonah_Horwitz@fd.org
        Christopher_M_Sanchez@fd.org
        Mary_Spears@fd.org

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.**<br>    Petitioner,<br><br>v.<br><br>**TIM RICHARDSON,**<br>Warden, Idaho Maximum Security Institution,<br>    Respondent. | Case No.<br><br>**CAPITAL CASE**<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

Petition for Habeas Corpus – 1

1. Pursuant to 28 U.S.C. § 2254,[1] Petitioner Gerald Ross Pizzuto, Jr. seeks the writ of habeas corpus to relieve him from his unconstitutional death sentences because the Idaho Supreme Court gave him a due process right to have his commutation petition decided by the Parole Commission yet nevertheless refused to honor a majority vote by the Commissioners for life.

## I. Procedural Background

2. Mr. Pizzuto is an indigent prisoner under sentence of death. He is currently confined at Idaho Maximum Security Institution ("IMSI") in Kuna, Idaho, as Prisoner Number 23721. Tim Richardson is the Warden of IMSI and therefore has custody over Mr. Pizzuto.

3. Mr. Pizzuto was convicted of two counts of first-degree murder in Idaho County District Court in case number CR-85-22075. He received two death sentences. Judgment was entered on May 27, 1986.

4. In 1991, the Idaho Supreme Court upheld the judgment on direct appeal and affirmed the denial of Mr. Pizzuto's first post-conviction petition. The grounds asserted in those proceedings are described in *State v. Pizzuto*, 810 P.2d 680 (Idaho 1991).

---

[1] Mr. Pizzuto files this petition under § 2254 because he is "a state prisoner in custody pursuant to a state court judgment" and is not "in pre-trial detention or awaiting extradition" or in some comparable posture. *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018). To the extent the Court disagrees and regards 28 U.S.C. § 2241 as the proper vehicle for Mr. Pizzuto's claim, it should re-characterize the petition accordingly and proceed with the case. *See Feldman v. Perrill*, 902 F.2d 1445, 1448–49 (9th Cir. 1990); *Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985).

Petition for Habeas Corpus – 2

5. The Idaho Supreme Court subsequently denied relief on several successive petitions for post-conviction relief and other collateral challenges to his convictions and sentences. *See State v. Pizzuto*, --- P.3d ----, 2022 WL 3591723 (Idaho 2022); *Pizzuto v. State*, 484 P.3d 823 (Idaho), *cert. denied*, 142 S. Ct. 601 (2021); *Pizzuto v. State*, 233 P.3d 86 (Idaho 2010); *Rhoades v. State*, 233 P.3d 61 (Idaho 2010); *Pizzuto v. State*, 202 P.3d 642 (Idaho 2008); *Pizzuto v. State*, 10 P.3d 742 (Idaho 2000); *Pizzuto v. State*, 903 P.2d 58 (Idaho 1995). The grounds asserted in those proceedings are described in the opinions cited above.

6. Mr. Pizzuto has also been denied federal habeas relief from his convictions and sentences. *See Pizzuto v. Yordy*, 947 F.3d 510 (9th Cir. 2019) (per curiam); *Pizzuto v. Ramirez*, 783 F.3d 1171 (9th Cir. 2015); *Pizzuto v. Blades*, 673 F.3d 1003 (9th Cir. 2012); *Pizzuto v. Arave*, 386 F.3d 938 (9th Cir. 2004) (per curiam). The grounds asserted in those proceedings are described in the opinions cited above.

II. **Ground for Relief: Mr. Pizzuto's due process rights were violated when the Idaho Supreme Court upheld the Governor's denial of his commutation petition.**

7. Mr. Pizzuto's death sentences violate the Due Process Clause because the Idaho Supreme Court has unanimously recognized that the Commission of Pardons and Parole ("the Commission") has the power under the state constitution to commute death sentences, and yet has deprived him of a commutation despite a majority vote by the Commissioners for life. *See* U.S. Const., Am. XIV; *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998).

Petition for Habeas Corpus – 3

*Supporting Facts*:

    8.    On April 19, 2021, Mr. Pizzuto submitted a petition for commutation to the Idaho Commission of Pardons and Parole (hereinafter "the Commission").

    9.    On May 18, 2021, the Commission decided to hold a hearing on Mr. Pizzuto's commutation petition.

    10.    The Commission provided advance notice of Mr. Pizzuto's commutation hearing in the Idaho Statesman, a newspaper of general circulation, at least once a week for four months.

    11.    The commutation hearing was held on November 30, 2021.

    12.    The commutation hearing was streamed live on Idaho public television's website.

    13.    There are seven members of the Commission.

    14.    At Mr. Pizzuto's commutation hearing, all seven current members of the Commission participated.

    15.    On December 30, 2021, the Commission announced that a four-person majority of its members had voted in favor of commuting Mr. Pizzuto's death sentences to life without the possibility of parole.

    16.    Three members dissented.

    17.    Both sides explained their rationales in writing.

    18.    The Commission characterized its determination as a recommendation to the Governor and forwarded the decision to him on December 30, 2021.

19. On the same day, the Governor purported to "deny the Commission's recommendation."

20. Mr. Pizzuto challenged the Governor's purported rejection of clemency in state court on the ground that Article IV, Section 7 of the Idaho Constitution confers the power to commute death sentences exclusively on the Commission.

21. In an opinion issued on August 23, 2022, the Idaho Supreme Court denied Mr. Pizzuto's claim.

22. However, all five Justices on the Idaho Supreme Court agreed that the Commission enjoys the commutation power under the state constitution.

23. A three-Justice majority recognized that reality when they concluded that "[t]he powers to pardon and commute sentences are grounded in constitutional authority that may only be exercised within the executive branch, and those powers are vested in the Commission." *Pizzuto*, 2022 WL 3591723, at *8.

24. A two-Justice concurrence agreed, finding that "[t]he plain language of Article IV, section 7 grants commutation and pardon powers only to the Commission. *Id.* at *13 (Horton, J., concurring).

25. On October 28, 2022, the Idaho Supreme Court denied Mr. Pizzuto's petition for rehearing and issued its remittitur.

*Legal Basis for Relief:*

26. By acknowledging that the Commission enjoys the constitutional commutation power, the Idaho Supreme Court created a federal due process right on Mr. Pizzuto's part to have his clemency petition ruled on by the Commissioners.

Petition for Habeas Corpus – 5

27. In nevertheless refusing to vacate Mr. Pizzuto's death sentence despite a majority vote by the Commission for life, the Idaho Supreme Court violated that same due process right.

28. The other commutation criteria in Section 7 were all satisfied in Mr. Pizzuto's case.

29. That is, a majority of the Commission's members voted to commute Mr. Pizzuto's death sentences to life without the possibility of parole.

30. In addition, the Commission had a full hearing in open session on Mr. Pizzuto's commutation petition.

31. Finally, the Commission members in the majority and the dissent both reduced the reasons for their votes to writing.

*Exhaustion of Claim:*

32. The claim alleged here was exhausted by Mr. Pizzuto's brief in support of rehearing, which was filed at the Idaho Supreme Court on October 25, 2022.

### III.   Relief Sought

33. Based on the foregoing, Mr. Pizzuto respectfully prays that the Court grant the writ of habeas corpus with respect to his death sentences.

Respectfully submitted this 28th day of October 2022.

                                          */s/ Jonah J. Horwitz*
                                          Jonah J. Horwitz
                                          Attorney for Petitioner

## IV. Verification

I, Jonah J. Horwitz, authorized by Gerald Ross Pizzuto, Jr., Petitioner in this case, declare under penalty of perjury that the foregoing is true and correct to the best of my understanding, knowledge, and ability.

*/s/ Jonah J. Horwitz*
Jonah J. Horwitz

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October 2022, I served the foregoing document on all interested parties by emailing it to:

L. LaMont Anderson
Lamont.Anderson@ag.idaho.gov

*/s/ Jonah J. Horwitz*
Jonah J. Horwitz

Petition for Habeas Corpus – 7