UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>TIM RICHARDSON,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00452-BLW<br><br>**CAPITAL CASE**<br><br>**INITIAL REVIEW ORDER** |

    Petitioner Gerald Ross Pizzuto, Jr., an Idaho prisoner under a sentence of death, has filed a Petition for Writ of Habeas Corpus challenging his sentence. *See* Dkt. 1. Pizzuto's execution has been stayed pending the Court's resolution of this case. *See* Dkt. 19. The Court now reviews Pizzuto's Petition to determine whether it is properly before the Court. *See* D. Idaho Loc. Civ. R. 9.2(c).

### 1.     Background

    Pizzuto sought clemency through the Idaho Commission of Pardons and Parole ("the Commission"). The Commission voted 4-3 to recommend that Pizzuto's death sentence be commuted to life without the possibility of parole. Pursuant to Idaho Code § 20-1016, the Commission presented its recommendation to Governor Little. The Governor denied commutation.

Pizzuto challenged the Governor's denial in Idaho state court. Pizzuto argued that the state constitution vested the clemency power solely in the Commission and did not permit the Governor to override the Commission's vote for commutation. The state district court held that Idaho Code § 20-1016, requiring the Governor's approval of requests for commutation of death sentences, violated Article IV, § 7 of the Idaho Constitution.

The Idaho Supreme Court disagreed. Addressing the "straightforward question of constitutional and statutory construction," that court held that § 20-1016 was "a constitutional expression of the authority granted to the Legislature in Article IV, section 7." *State v. Pizzuto*, 518 P.3d 796, 801–02 (2022), *reh'g denied* (Oct. 28, 2022).

Pizzuto petitioned for rehearing, arguing for the first time that the Governor's rejection of the Commission's recommendation violated the Due Process Clause. The Idaho Supreme Court denied the petition for rehearing.

**2.    Standards of Law**

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Further, a challenge to a state court's interpretation of state law is generally non-cognizable in a federal habeas corpus case. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam).

It is only in the rarest of circumstances that a federal court may review a state court's interpretation of state law. Such review is permissible only if the state court's interpretation (1) is "untenable," meaning incapable of being maintained or supported, or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990). A petitioner cannot state a cognizable federal habeas claim that a state court misinterpreted its own law simply by invoking the Due Process Clause. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[Petitioner] may not … transform a state-law issue into a federal one merely by asserting a violation of due process.").

Habeas corpus law also requires that a petitioner exhaust state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a claim was not fairly

presented in a procedurally proper manner to the state's highest court—and if it is now too late to present the claim in state court—the claim is procedurally defaulted and cannot be considered by a federal habeas court unless the petitioner shows cause and prejudice, or actual innocence, to excuse the default. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**3.    Discussion**

Pizzuto's only claim in this habeas case is that his right to due process was violated when "the Idaho Supreme Court … unanimously recognized that the Commission … has the power under the state constitution to commute death sentences, and yet … deprived [Pizzuto] of a commutation despite a majority vote by the Commissioners for life."[1] *See* Dkt. 1 at 4. This essentially boils down to a claim that the Idaho Supreme Court misinterpreted its own state's laws by holding that § 20-1016 does not violate Article IV, § 7 of the Idaho Constitution.

It appears that this claim may be procedurally defaulted. Pizzuto raised a due process commutation claim for the first time in his petition for rehearing to the Idaho Supreme Court, and that court has a procedural rule that it will not consider

---

[1] The state supreme court's majority opinion, authored by Justice Moeller and joined by Chief Justice Bevan and Justice Stegner, found no constitutional violation. Pro tem Justice Horton concurred, joined by Justice Brody. These two justices would have found a state constitutional violation but concurred in the result because they believed there was no effective commutation statute in place. *See Pizzuto*, 518 P.3d at 811 (Horton, J., concurring).

INITIAL REVIEW ORDER - 4

such claims. *See Johnson v. Bekins Moving & Storage Co.*, 389 P.2d 109, 117 (Idaho 1963) ("[A] contention cannot be considered when raised for the first time in a petition for rehearing.").

It also appears that Pizzuto's claim may be non-cognizable on federal habeas review because it asserts that the Idaho Supreme Court misinterpreted Idaho state law. *See Bradshaw*, 546 U.S. at 76. The Court has reviewed the Idaho Supreme Court's decision, and it does not appear that the court's interpretation is untenable or amounts to a subterfuge to avoid federal review. *See Taylor*, 920 F.2d at 609.

Nonetheless, because the Court does not currently have state court records in this case, and because briefing from both parties would aid the Court in adjudicating the Petition, the Court will not dismiss the Petition at this time but will permit the case to proceed past initial review.

## ORDER

**IT IS ORDERED:**

1. Within 90 days after entry of this Order, Respondent may assert any cognizability or procedural defenses in a motion for summary dismissal. *See* D. Idaho Loc. Civ. R. 9.2(e)(4). If Respondent files such a motion, Petitioner's response must be filed within 90 days after service of the motion. Respondent's reply must be filed within 30 days after service of Petitioner's response.

2. Respondent must file with the motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented.

3. If this case proceeds past the motion to dismiss stage, the Court will issue a separate order setting a briefing schedule on the merits.

DATED: July 26, 2023

_____
B. Lynn Winmill
U.S. District Court Judge